# UNITED STATES DISTRICT COURT FOR THE
# WESTERN DISTRICT OF OKLAHOMA

| | | |
|---|---|---|
| INSURED AIRCRAFT TITLE SERVICE, LLC, a Delaware limited liability company, | ) ) ) ) | |
| Plaintiff, | ) ) | |
| v. | ) ) | Case No. CIV-20-742-G |
| COMFORT JET AVIATION, LTD. et al., | ) ) ) | |
| Defendants, | ) ) | |
| and | ) ) | |
| KENT LUBRICATION CENTERS, LTD., | ) ) ) | |
| Third-Party Defendant. | ) ) | |

## ORDER

Now before the Court is Defendant Kent Aviation, LLC ("Kent Aviation") and

Third-Party Defendant Kent Lubrication Centers, Ltd.'s ("KLC") Motion for Sanctions

(Doc. No. 186), requesting that the Court impose monetary penalties against Defendant

Dassault Falcon Jet-Wilmington Corp. ("DFJ-W").  DFJ-W responded in opposition (Doc.

No. 190), and Kent Aviation and KLC replied (Doc. No. 191).

Kent Aviation and KLC request that the Court award them attorneys' fees and costs

related to two alleged violations of applicable rules and orders by DFJ-W: (1) DFJ-W's

failure to timely disclose an insurance policy and insurance policy documents, and (2) DFJ-

W's failure to include an insurance representative in the mediation that occurred in December 2021.[1]

I.  *Background*

This lawsuit involves numerous claims relating to the sale of a 1987 Dassault Falcon 900 aircraft (the "Aircraft").  *See* Mot. (Doc. No. 186) at 2.  In 2018, Comfort Jet Aviation, Ltd. ("CJA") agreed to sell the Aircraft to Kent Aviation pursuant to a purchase agreement.  *See* Pet. (Doc. No. 1-1) at 1-2; Mot. at 2-3.  As part of the sale transaction, CJA engaged DFJ-W to perform an inspection of the Aircraft and to perform necessary maintenance and repairs such that the Aircraft could be certified as airworthy.  *See* Pet. (Doc. No. 1-1) at 1-2.

On June 24, 2020, Kent Aviation filed a responsive pleading that included cross-claims against DFJ-W for breach of contract, tortious interference with an existing contract, and civil conspiracy.  *See* Doc. No. 1-3, at 8-18.  On April 16, 2021, Kent Aviation filed amended cross-claims, adding additional claims against DFJ-W for fraud, negligence, negligence per se, and res ipsa loquitur.  *See* Doc. No. 66, at 28-32.

DFJ-W states that its in-house counsel reviewed DFJ-W's insurance policies after Kent Aviation filed its initial cross-claims in June 2020, and that its counsel determined that none of Kent Aviation's initial cross-claims were covered by any existing policy.  *See* Resp. (Doc. No. 190) at 4; DFJ-W Ex. 1, Marks Decl. (Doc. No. 190-1) at 4-5.  DFJ-W states that its in-house counsel again reviewed DFJ-W's insurance policies after Kent

---

[1] KLC joins the instant Motion only as to the alleged failure involving the December 2021 mediation.  *See* Mot. (Doc. No. 186) at 1 n.1.

Aviation filed its amended cross-claims in April 2021, and that its counsel again determined that none of Kent Aviation's new claims were covered by any existing policy. *See id.*

After Kent Aviation filed a motion to compel (Doc. No. 154) in October 2021 seeking insurance policy documentation, DFJ-W states that its in-house counsel instructed DFJ-W's risk manager to notify its insurers of Kent Aviation's amended cross-claims in November 2021. *See id.* DFJ-W's in-house counsel stated that he did not expect DFJ-W's insurers to conclude that coverage existed for any Kent Aviation claim and that the decision to notify the insurers was done in an effort to respond to the concerns raised in the motion to compel. *See* DFJ-W Ex. 1, Marks Decl., at 5.

On February 14, 2022, counsel for AIG Aerospace Adjustment Services, Inc.—the claims administrator for Commerce and Industry Insurance Company, an insurer who issued an Aviation Commercial General Liability Policy (the "Policy") to DFJ-W—sent a reservation of rights letter to DFJ-W (the "ROR Letter") assessing potential coverage regarding claims raised against DFJ-W in this litigation. *See* Kent Ex. 1B, ROR Letter (Doc. No. 187-2). The ROR Letter states that, in the view of insurance counsel, no coverage exists for any of Kent Aviation or KLC's cross-claims, except for potentially the negligence claims. *See id.* at 19-25. As to the negligence claims, insurance counsel concluded that coverage may potentially exist under a Hangerkeeper liability provision, while noting certain factual issues may negate coverage and that coverage may be excluded in any event for procedural deficiencies. *See id.* at 25-27. DFJ-W produced the ROR Letter

and the underlying Policy to Kent Aviation and KLC on February 22, 2022.  *See* Kent Ex.

1 (Doc. No. 186-1).

## II.   *Discussion*

### A.  *Failure to Disclose Insurance Policy*

Kent Aviation argues that DFJ-W should be sanctioned for its failure to timely

disclose the Policy in its initial disclosures pursuant to Federal Rule of Civil Procedure

26(a)(1)(A)(iv).  Rule 26(a)(1)(A)(iv) prescribes that "a party must, without awaiting a

discovery request, provide to the other parties: any insurance agreement under which an

insurance business may be liable to satisfy all or part of a possible judgment in the action

or to indemnify or reimburse for payments made to satisfy the judgment."  Rule 26(e)(A)

further prescribes that a party must "supplement or correct its disclosure or response: in a

timely manner if the party learns that in some material respect the disclosure or response

is incomplete or incorrect, and if the additional or corrective information has not otherwise

been made known to the other parties during the discovery process or in writing."  Rule

37(a)(3)(A) permits the Court to impose sanctions "[i]f a party fails to make a disclosure

required by Rule 26(a)."

Based upon the record, the Court concludes that Rule 37 sanctions are not warranted

here.  There is no evidence in the record that DFJ-W acted in bad faith or sought to conceal

relevant information from Kent Aviation.  The Court finds that DFJ-W reasonably relied

on the determination of its in-house counsel that none of Kent Aviation's claims were

covered by any existing insurance policy, and that upon determining that the Policy may

apply DFJ-W promptly disclosed the ROR Letter and the Policy.  The Court therefore

DENIES Kent Aviation's request for sanctions against DFJ-W for failure to timely disclose the Policy.

## B. *Failure to Participate in Good Faith in Mediation*

Kent Aviation and KLC also argue that the Court should sanction DFJ-W for failing to participate in the December 2021 mediation in good faith by not including an insurance representative. *See* Mot. at 11-12. In response, DFJ-W states that its in-house counsel attended the mediation with full authority to settle all claims by and against DFJ-W in this action. *See* Resp. at 9-10; DFJ-W Ex. 1, Marks Decl. at 6. Accepting DFJ-W's representation that its representative had full settlement authority, the Court declines to award sanctions Kent Aviation and KLC for costs and attorneys' fees relating to the December 2021 mediation.

## CONCLUSION

For the foregoing reasons, Kent Aviation and KLC's Motion to for Sanctions (Doc. No. 186) is DENIED.

IT IS SO ORDERED this 1st day of February, 2023.

CHARLES B. GOODWIN
United States District Judge