UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| **INSURED AIRCRAFT TITLE SERVICE, LLC**, a Delaware limited liability company, | )<br>)<br>)<br>) |
| Plaintiff, | )<br>) |
| v. | ) Case No. CIV-20-742-G |
| **COMFORT JET AVIATION, LTD.** et al., | )<br>)<br>)<br>) |
| Defendants, | )<br>) |
| and | )<br>) |
| **KENT LUBRICATION CENTERS, LTD.**, | )<br>)<br>)<br>) |
| Third-Party Defendant. | ) |

## ORDER

Now before the Court is Defendant Dassault Falcon Jet-Wilmington Corp.'s ("DFJ-W") Motion to Dismiss Kent Aviation, LLC's Cross-Claims Six and Seven (Doc. No. 78). Defendant Kent Aviation, LLC ("Kent Aviation") responded in opposition to the Motion (Doc. No. 88). DFJ-W replied in further support of its Motion (Doc. No. 94).

This lawsuit, initiated as an interpleader action by Plaintiff Insured Aircraft Services, LLC ("IATS"), involves numerous claims by and among several Defendants relating to the sale of a 1987 Dassault Falcon 900 aircraft (the "Aircraft"). In the present Motion, DFJ-W seeks to dismiss two cross-claims asserted by Kent Aviation against DFJ-W under Federal Rule of Civil Procedure 12(b)(6).

I. SUMMARY OF PLEADINGS

In its Amended Cross-Claims, Kent Aviation claims that DFJ-W acted negligently regarding certain repairs to the Aircraft, thereby causing damage to the value of the Aircraft. *See* Am. Cross-Cls. (Doc. No. 63) at 31-32. Relevant to these cross-claims, Kent Aviation alleges as follows.

Comfort Jet Aviation, Ltd. ("CJA") engaged DFJ-W to perform a "C-Check" inspection of the Aircraft and to perform associated maintenance and repairs in August 2018. *Id.* at 3-4. The C-Check and associated maintenance and repairs were performed at DFJ-W's maintenance facility in Wilmington, Delaware. *See id.* at 6, 15. In September 2018, CJA and Kent Aviation executed an Aircraft Purchase Agreement for the sale of the aircraft to Kent Aviation. *Id.* at 5. The sale transaction closed on February 6, 2019. *Id.* at 13.

DFJ-W removed the wings of the Aircraft in approximately late-April/mid-May 2019. *Id.* at 15. Removing the wings requires removal of the wing bolts that secure the wings to the Aircraft. *See id.* In June 2019, DFJ-W reported that most of the wing bolts were "scored," meaning deeply scratched. *Id.* at 15-16. DFJ-W stated in an email to Aeromanagement, Inc., which was serving as CJA's representative for the repair project, that the scored wing bolts would need to be replaced. *Id.* at 16.

After discussions with CJA, DFJ-W consulted with Dassault engineering personnel in France, who ultimately issued a Change Descriptive Sheet that permitted the reuse of the scratched wing bolts, which was a deviation from Dassault's standard Aircraft Maintenance Manual. *Id.* at 17. The wings of the Aircraft were re-attached using most of

2

the scratched bolts. *Id.* at 17-18. Doing so has resulted in a significant reduction in value of the Aircraft. *Id.* at 18.

Kent Aviation alleges that DFJ-W is classified as a "145 Repair Station" under federal statute and Federal Aviation Administration ("FAA") regulations. *See id.* at 31. Kent Aviation alleges that "[t]he FAA has adopted regulations for 145 repair stations like DFJ to follow in the event that a deviation from an aircraft's maintenance manual is sought." *Id.*

Kent Aviation asserts ten cross-claims in this action, two of which are challenged in the instant Motion. First, Kent Aviation asserts a cross-claim against DFJ-W for negligence per se in connection with the maintenance work performed by DFJ-W on the Aircraft. *See id.* at 31 (Count 6). Second, Kent Aviation asserts a cross-claim against DFJ-W under the doctrine of *res ipsa loquitur* in connection with the maintenance work performed by DFJ-W on the Aircraft. *See id.* at 32 (Count 7).

## II.  STANDARD OF REVIEW

DFJ-W seeks dismissal of certain claims asserted by Kent Aviation for "failure to state a claim upon which relief can be granted" under Federal Rule of Civil Procedure 12(b)(6). Fed. R. Civ. P. 12(b)(6). In analyzing a motion to dismiss under Rule 12(b)(6), the court "accept[s] as true all well-pleaded factual allegations in the complaint and view[s] them in the light most favorable to the plaintiff." *Burnett v. Mortg. Elec. Registration Sys., Inc.*, 706 F.3d 1231, 1235 (10th Cir. 2013). A complaint fails to state a claim on which relief may be granted when it lacks factual allegations sufficient "to raise a right to relief above the speculative level on the assumption that all the allegations in the complaint are

true (even if doubtful in fact)." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (footnote and citation omitted); *see Robbins v. Oklahoma*, 519 F.3d 1242, 1247 (10th Cir. 2008) ("[T]o withstand a motion to dismiss, a complaint must contain enough allegations of fact to state a claim to relief that is plausible on its face." (internal quotation marks omitted)). Bare legal conclusions in a complaint are not entitled to the assumption of truth; "they must be supported by factual allegations" to state a claim for relief. *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009).

### III.  DISCUSSION

At the outset, the Court observes that both DFJ-W and Kent Aviation cite Oklahoma law throughout their submissions and that neither party engages in any choice-of-law analysis. "When exercising diversity jurisdiction under 28 U.S.C. § 1332, a district court ordinarily applies the choice-of-law rules of the State in which it sits." *Gerson v. Logan River Acad.*, 20 F.4th 1263, 1270 (10th Cir. 2021). "Under Oklahoma's choice-of-law rules, 'the rights and liabilities of parties with respect to a particular issue in tort should be determined by the law of the state which, with respect to that issue, has the most significant relationship to the occurrence and the parties.'" *Cagle v. James St. Grp.*, 400 F. App'x 348, 357 (10th Cir. 2010) (quoting *Hightower v. Kan. City. S. Ry. Co.*, 70 P.3d 835, 842 (Okla. 2003)).

It is clear from the allegations in Kent Aviation's Amended Cross-Claims that Oklahoma has no relationship to the two tort claims at issue here or the parties to those

claims.[1]  Rather, the Court determines that Delaware has the most significant relationship to the claims at issue under Oklahoma's choice-of-law rules.  *See id.*  Both tort claims here focus on the conduct of DFJ-W while performing repairs at its facility in Wilmington, Delaware.  Therefore, the Court applies Delaware substantive law for these tort claims.

   A. *Negligence Per Se*

DFJ-W argues that the Court should dismiss Kent Aviation's negligence per se claim pursuant to Rule 12(b)(6) because Kent Aviation does not provide in its pleading the precise federal laws or FAA regulations it is asserting DFJ-W violated.  *See* Mot. at 3.  The Court does not view the lack of citation to precise federal law or regulation as fatal at this stage.  As DFJ-W notes in its Motion, "determining the sufficiency of a complaint is a context-specific task that requires the reviewing court to draw on its judicial experience and common sense."  Mot. at 3 (citing *Iqbal*).  Kent Aviation has pled facts, accepted as true for the purpose of this Motion, plausibly showing that DFJ-W took certain actions regarding the Aircraft's wing bolts that were not in conformity with standards implemented by the FAA for FAA maintenance facilities.  The Court finds that this is sufficient to overcome DFJ-W's motion to dismiss at the pleading stage.

Accordingly, DFJ-W's motion to dismiss Kent Aviation's negligence per se claim is DENIED.

---

[1] IATS originally filed this action in Oklahoma state court as an interpleader action pursuant to Oklahoma statute, in its capacity as escrow agent under an agreement not relevant to the instant Motion.  *See* Pet. (Doc. No. 1-1) at 1.  DFJ-W removed the action to this Court under diversity jurisdiction.  *See* Notice of Removal (Doc. No. 1) at 1, 3.

### B. *Res Ipsa Loquitur*

DFJ-W argues that the doctrine of *res ipsa loquitur* is not a cognizable claim for relief. The Court agrees.

Kent Aviation argues that Oklahoma law recognizes a stand-alone claim for *res ipsa loquitur*. Even assuming Oklahoma law applies here, which it does not, this argument is unavailing. The authorities cited by Kent Aviation make clear that the doctrine of *res ipsa loquitur* is merely an evidentiary rule that a plaintiff may invoke in certain circumstances, namely when direct proof of negligence cannot be obtained. *See*, *e.g.*, *Smith v. Hines*, 261 P.3d 1129, 1136-37 (Okla. 2011) ("The purpose of the *res ipsa loquitur* evidentiary rule is to aid the plaintiff in making out a prima facie case of negligence in circumstances when direct proof of why the harm happened is beyond the power or knowledge of the plaintiff."). Delaware law is in accord. *See Del. Coach Co. v. Reynolds*, 71 A.2d 69, 73 (Del. 1950) ("[T]he doctrine of *res ipsa loquitur* is available to a plaintiff in those situations where the facts and circumstances surrounding the occurrence of the injury warrant the inference of negligence on the part of the defendant. It is a rule of circumstantial evidence.").

Kent Aviation has a pending claim against DFJ-W for negligence in this action. *See* Am. Cross-Cls. at 30-31 (Count 5). Asserting a separate claim for negligence under a purported theory of *res ipsa loquitur* is redundant. DFJ-W's motion to dismiss Kent Aviation's *res ipsa loquitur* claim under Rule 12(b)(6) is therefore GRANTED.

CONCLUSION

As outlined above, Dassault Falcon Jet-Wilmington Corp.'s Motion to Dismiss Kent Aviation, LLC's Cross-Claims Six and Seven (Doc. No. 78) is GRANTED IN PART AND DENIED IN PART. Kent Aviation, LLC's cross-claim against Dassault Falcon Jet-Wilmington Corp. under the doctrine of *res ipsa loquitur* is DISMISSED WITH PREJUDICE.

IT IS SO ORDERED this 12th day of June, 2023.

CHARLES B. GOODWIN
United States District Judge