UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| **INSURED AIRCRAFT TITLE SERVICE, LLC**, a Delaware limited liability company, | )<br>)<br>)<br>) |
| Plaintiff, | )<br>) |
| v. | ) Case No. CIV-20-742-G |
| **COMFORT JET AVIATION, LTD.** et al., | )<br>)<br>) |
| Defendants, | )<br>) |
| and | ) |
| **KENT LUBRICATION CENTERS, LTD.**, | )<br>)<br>) |
| Third-Party Defendant. | ) |

## ORDER

Now before the Court is Defendant/Third-Party Plaintiff Dassault Falcon Jet-Wilmington Corp.'s ("DFJ-W") Motion to Dismiss Kent Lubrication Center, Ltd.'s Counterclaims Two Through Four (Doc. No. 80). Third-Party Defendant Kent Lubrication Center, Ltd. ("KLC") responded in opposition to the Motion (Doc. No. 89). DFJ-W replied in further support of its Motion (Doc. No. 93).

This lawsuit, initiated as an interpleader action by Plaintiff Insured Aircraft Title Services, LLC ("IATS"), involves numerous claims by and among several Defendants relating to the sale of a 1987 Dassault Falcon 900 aircraft (the "Aircraft"). DFJ-W, a defendant in the interpleader action, asserts a third-party claim against KLC. In the present

Motion, DFJ-W seeks to dismiss three counterclaims asserted by KLC against DFJ-W under Federal Rule of Civil Procedure 12(b)(6).

I. SUMMARY OF PLEADINGS

In its Counterclaims, KLC claims that DFJ-W acted negligently regarding certain repairs to the Aircraft, thereby causing damage to the value of the Aircraft. *See* Countercls. (Doc. No. 66) at 23-25. Relevant to these counterclaims, KLC alleges as follows.

Defendant Comfort Jet Aviation, Ltd. ("CJA") engaged DFJ-W to perform a "C-Check" inspection of the Aircraft and to perform associated maintenance and repairs in August 2018. *Id.* at 9. The C-Check and associated maintenance and repairs were performed at DFJ-W's maintenance facility in Wilmington, Delaware. *Id.* at 14. DFJ-W began performing the C-Check and associated repairs in November 2018, when the Aircraft arrived at its Wilmington maintenance facility. *Id.* at 14-15, 17-21.

DFJ-W removed the wings of the Aircraft in approximately late-April/mid-May 2019. *Id.* at 17. Removing the wings requires removal of the wing bolts that secure the wings to the Aircraft. *See id.* In June 2019, DFJ-W reported that most of the wing bolts were "scored," meaning deeply scratched. *Id.* at 17-18. DFJ-W stated in an email to Aeromanagement, Inc., which was serving as CJA's representative for the repair project, that the scored wing bolts would need to be replaced. *Id.* at 18.

After discussions with CJA, DFJ-W consulted with Dassault engineering personnel in France in approximately October 2019, who ultimately issued a Change Descriptive Sheet that permitted the reuse of the scratched wing bolts, which was a deviation from Dassault's standard Aircraft Maintenance Manual. *Id.* at 18-19. The wings of the Aircraft

were re-attached using most of the scratched bolts. *Id.* at 19-20. Doing so has resulted in a significant reduction in value of the Aircraft. *Id.*

KLC alleges that DFJ-W is classified as a "145 Repair Station" under federal statute and Federal Aviation Administration ("FAA") regulations. *See id.* at 24. KLC alleges that "[t]he FAA has adopted regulations for 145 repair stations like DFJ to follow in the event that a deviation from an aircraft's maintenance manual is sought." *Id.*

In September 2018, CJA and Defendant Kent Aviation, LLC ("Kent Aviation") executed an Aircraft Purchase Agreement for the sale of the aircraft to Kent Aviation. *Id.* at 10. In connection with the sale transaction, Kent Aviation borrowed money from American Momentum Bank ("AMB") on January 31, 2019, to finance the purchase, pursuant to a promissory note secured by the Aircraft (the "Promissory Note"). *See id.* at 16. The sale transaction closed on February 6, 2019. *Id.* AMB recorded a UCC Financing Statement with the FAA on April 22, 2019, with an effective date of February 4, 2019. *Id.*

KLC alleges that AMB assigned the Promissory Note, together with all rights thereunder, to KLC on January 20, 2021. *See id.* at 21. KLC alleges that it recorded the assignment of rights under the Promissory Note with the FAA on January 25, 2021. *See id.*

II. STANDARD OF REVIEW

DFJ-W seeks dismissal of three of the six counterclaims asserted by KLC for "failure to state a claim upon which relief can be granted" under Federal Rule of Civil Procedure 12(b)(6). Fed. R. Civ. P. 12(b)(6). In analyzing a motion to dismiss under Rule 12(b)(6), the court "accept[s] as true all well-pleaded factual allegations in the complaint

and view[s] them in the light most favorable to the plaintiff." *Burnett v. Mortg. Elec. Registration Sys., Inc.*, 706 F.3d 1231, 1235 (10th Cir. 2013). A complaint fails to state a claim on which relief may be granted when it lacks factual allegations sufficient "to raise a right to relief above the speculative level on the assumption that all the allegations in the complaint are true (even if doubtful in fact)." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (footnote and citation omitted); *see Robbins v. Oklahoma*, 519 F.3d 1242, 1247 (10th Cir. 2008) ("[T]o withstand a motion to dismiss, a complaint must contain enough allegations of fact to state a claim to relief that is plausible on its face." (internal quotation marks omitted)). Bare legal conclusions in a complaint are not entitled to the assumption of truth; "they must be supported by factual allegations" to state a claim for relief. *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009).

III. DISCUSSION

This Court, exercising diversity jurisdiction, applies Oklahoma's choice-of-law rules. *See Gerson v. Logan River Acad.*, 20 F.4th 1263, 1270 (10th Cir. 2021). "Under Oklahoma's choice-of-law rules, 'the rights and liabilities of parties with respect to a particular issue in tort should be determined by the law of the state which, with respect to that issue, has the most significant relationship to the occurrence and the parties.'" *Cagle v. James St. Grp.*, 400 F. App'x 348, 357 (10th Cir. 2010) (quoting *Hightower v. Kan. City. S. Ry. Co.*, 70 P.3d 835, 842 (Okla. 2003)). "This test . . . requires the consideration of four factors 'according to their relative importance with respect to a particular issue as follows: (1) the place where the injury occurred, (2) the place where the conduct causing the injury occurred, (3) the domicile, residence, nationality, place of incorporation and place of

business of the parties, and (4) the place where the relationship, if any, between the parties occurred.'" *Id.* (quoting *Hightower*, 70 P.3d at 842).

Although the parties cite to Oklahoma law in their papers, the alleged injury and conduct underlying KLC's tort claims have no relationship to Oklahoma.[1] The two states most relevant to these tort claims are Texas, the state in which KLC is organized as a limited partnership and has its principal place of business, and Delaware, the state in which DFJ-W is incorporated and has its principal place of business, as well as the state in which work was performed on the Aircraft. *See* KLC Counterclms. at 7; DFJ-W Third-Party Compl. at 2.

Upon consideration of the factors in Oklahoma's choice-of-law test for tort claims, the Court concludes that Delaware has the most significant relationship to the alleged conduct underlying KLC's tort claims. KLC's claims are focused on the conduct of DFJ-W in Delaware, and Delaware is generally the place where the alleged injuries occurred, while the Aircraft was located at DFJ-W's maintenance facility in Wilmington, Delaware. The Court will therefore apply Delaware substantive law to KLC's tort claims.

### A. *Negligence*

KLC asserts a counterclaim against DFJ-W for negligence in connection with the maintenance work performed by DFJ-W on the Aircraft. *See id.* at 23-24 (Counterclaim

---

[1] Plaintiff IATS originally filed this action in Oklahoma state court as an interpleader action pursuant to Oklahoma statute. *See* Pet. (Doc. No. 1-1) at 1. DFJ-W removed the action to this Court under diversity jurisdiction. *See* Notice of Removal (Doc. No. 1) at 1, 3.

No. 2). DFJ-W argues that the Court should dismiss this claim pursuant to Rule 12(b)(6) because DFJ-W did not owe KLC a duty of care. *See* Mot. at 3-4.

Under Delaware law, "[i]n order to establish a negligence claim, a plaintiff must establish that defendant owed plaintiff a duty of care; defendant breached that duty; and defendant's breach was the proximate cause of plaintiff's injury." *Pipher v. Parsell*, 930 A.2d 890, 892 (Del. 2007) (internal quotation marks omitted). "[W]hether a duty exists is entirely a question of law, . . . and it must be determined by the court." *Id.* (internal quotation marks omitted). "Common law duty is essentially a question of whether the relationship between the actor and the injured person gives rise to any legal obligation on the actor's part for the benefit of the injured person." *Murray v. Mason*, 244 A.3d 187, 194 (Del. Super. Ct. 2020) (internal quotation marks omitted).[2]

KLC objects that DFJ-W owed it a duty of care regarding the repair of the Aircraft because KLC held a security interest in the Aircraft. *See* Resp. at 8-9. Even assuming that KLC has a valid basis to assert a duty based solely on a security interest in the Aircraft, a question the Court need not reach here, KLC did not take assignment of the Promissory Note from AMB—the source of the security interest—until January 2021, which is more than one year after the conduct underlying the negligence claim. Prior to KLC taking assignment of the Promissory Note, any duty based on the security interest created by the

---

[2] *Accord Wofford v. E. State Hosp.*, 795 P.2d 516, 519 (Okla. 1990) ("Oklahoma courts have recognized that the existence of a duty depends on the relationship between the parties and the general risks involved in the common undertaking."); *Delbrel v. Doenges Bros. Ford, Inc.*, 913 P.2d 1318, 1320-21 (Okla. 1996) ("The court decides whether a defendant stands in such a relationship to a plaintiff that the defendant owes an obligation of reasonable conduct for the benefit of the plaintiff.").

6

Promissory Note would have been owed to AMB, not KLC. Thus, KLC does not plausibly state an independent negligence claim based on a duty owed to it. Nor does KLC state a negligence claim based on the assignment of the promissory note by AMB, as KLC alleges only that AMB assigned the contractual rights of the Promissory Note. KLC does not allege that it acquired any right from AMB to bring an action against DFJ-W in tort.

Accordingly, the Court concludes that KLC cannot state a claim against DFJ-W for negligence arising out of the Aircraft repair project in 2019. KLC's claim for negligence is therefore dismissed with prejudice pursuant to Rule 12(b)(6).

B. *Negligence Per Se*

Second, KLC asserts a counterclaim against DFJ-W for negligence per se in connection with the maintenance work performed by DFJ-W on the Aircraft. *See* Countercls. at 24-25 (Counterclaim 3). DFJ-W argues that the Court should dismiss KLC's negligence per se claim for failure to state a claim because KLC does not provide in its pleading the precise federal laws or FAA regulations it is asserting were violated by DFJ-W. *See* Mot. at 5-6.[3]

The Court does not view the lack of citation to precise federal law or regulation as fatal at this stage. As DFJ-W notes in its Motion, "determining the sufficiency of a complaint is a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." Mot. at 5 (citing *Iqbal*). KLC has pled facts, accepted as true for the purpose of this Motion, plausibly showing that DFJ-W took certain actions

---

[3] DFJ-W does not argue for dismissal of this claim based on lack of duty.

7

regarding the Aircraft's wing bolts that were not in conformity with standards implemented by the FAA for FAA maintenance facilities. The Court finds that this is sufficient, particularly given the lack of meaningful legal argument to the contrary, to overcome DFJ-W's motion to dismiss under Rule 12(b)(6).

Accordingly, DFJ-W's motion to dismiss KLC's negligence per se claim is denied.

### C. *Res Ipsa Loquitur*

Finally, KLC asserts a counterclaim against DFJ-W under the doctrine of *res ipsa loquitur* in connection with the maintenance work performed by DFJ-W on the Aircraft. *See* Countercls. at 32 (Counterclaim 4). DFJ-W argues that the doctrine of *res ipsa loquitur* is not a cognizable claim for relief. *See* Mot. at 6. The Court agrees.

KLC responds that Oklahoma law recognizes a stand-alone claim for *res ipsa loquitur*. *See* Resp. at 17-22. Even assuming Oklahoma law applies here, this argument is unavailing. The authorities cited by KLC make clear that the doctrine of *res ipsa loquitur* is merely an evidentiary rule that a plaintiff may invoke in certain circumstances, namely when direct proof of negligence cannot be obtained. *See*, *e.g.*, *Smith v. Hines*, 261 P.3d 1129, 1136-37 (Okla. 2011) ("The purpose of the *res ipsa loquitur* evidentiary rule is to aid the plaintiff in making out a prima facie case of negligence in circumstances when direct proof of why the harm happened is beyond the power or knowledge of the plaintiff."). Delaware law is in accord. *See Del. Coach Co. v. Reynolds*, 71 A.2d 69, 73 (Del. 1950) ("[T]he doctrine of *res ipsa loquitur* is available to a plaintiff in those situations where the facts and circumstances surrounding the occurrence of the injury warrant the

inference of negligence on the part of the defendant. It is a rule of circumstantial evidence.").

Asserting a separate claim for negligence under a purported theory of *res ipsa loquitur* is redundant to KLC's negligence claim, discussed above, which the Court dismisses for failure to state a claim. DFJ-W's motion to dismiss KLC's *res ipsa loquitur* claim under Rule 12(b)(6) is therefore granted.

## CONCLUSION

As outlined above, Defendant Dassault Falcon Jet-Wilmington Corp.'s ("DFJ-W") Motion to Dismiss Kent Lubrication Center, Ltd.'s Counterclaims Two Through Four (Doc. No. 80) is GRANTED IN PART AND DENIED IN PART. Kent Lubrication Center, Ltd.'s counterclaims against DFJ-W for negligence and under the doctrine of *res ipsa loquitur* are DISMISSED WITH PREJUDICE.

IT IS SO ORDERED this 16th day of June, 2023.

*[Signature: Charles B. Goodwin]*
CHARLES B. GOODWIN
United States District Judge