UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| **INSURED AIRCRAFT TITLE SERVICE, LLC**, a Delaware limited liability company, | )<br>)<br>)<br>) |
| Plaintiff, | )<br>) |
| v. | ) Case No. CIV-20-742-G |
| **COMFORT JET AVIATION, LTD.** et al., | )<br>)<br>) |
| Defendants, | )<br>) |
| and | )<br>) |
| **KENT LUBRICATION CENTERS, LTD.**, | )<br>)<br>) |
| Third-Party Defendant. | ) |

# ORDER

This lawsuit, initiated as an interpleader action by Plaintiff Insured Aircraft Title Service, LLC, involves numerous claims by and among the parties relating to the sale and ownership of a 1987 Dassault Falcon 900 aircraft (the "Aircraft").

## I.  Background

As recounted in the Court's accompanying orders, in 2018 Comfort Jet Aviation, Ltd. ("CJA") agreed to sell the Aircraft to Kent Aviation, LLC ("Kent Aviation") pursuant to a written agreement. In anticipation of the sale of the Aircraft, CJA engaged Dassault Falcon Jet-Wilmington Corp. ("DFJ-W") to perform a "C-Check" inspection of the Aircraft and to perform associated maintenance and repairs. In 2019, a dispute arose between CJA and DFJ-W, CJA ceased approval of further payments to DFJ-W, and DFJ-

W then halted work on the Aircraft. The Aircraft remains in storage at DFJ-W's maintenance facility in Delaware. DFJ-W contends there is an outstanding balance owed to DFJ-W for its work on the Aircraft.

On February 4, 2019, Kent Aviation obtained a loan from American Momentum Bank ("AMB"), secured by a purchase money interest in the Aircraft. Although repairs were still being performed, CJA and Kent Aviation closed the transaction for the sale of the Aircraft on February 6, 2019.

On January 20, 2021, AMB and Kent Lubrication Centers, Ltd. ("KLC") executed an Assignment of Security Agreement, in which AMB assigned the February 4, 2019 Security Agreement to Kent Lubrication Centers, Ltd. ("KLC").

## II.  Discussion

DFJ-W, a defendant in the interpleader action, asserts a claim (the "Lien Foreclosure Claim") for foreclosure of its statutory mechanic's lien on the Aircraft and authorization to sell the Aircraft to satisfy the lien, all pursuant to Delaware state law. *See* DFJ-W Am. Cross-Cl. & Third-Party Compl. (Doc. No. 60) ¶¶ 14-18 (citing Del. Code tit. 25, §§ 3901 et seq.). DFJ-W brings this Lien Foreclosure Claim as a cross-claim against Kent Aviation and as a third-party claim against KLC. *See id.* DFJ-W's pleading cites diversity jurisdiction under 28 U.S.C. § 1332(a)(1) as the basis for this Court's jurisdiction. *See id.* ¶ 5; *see also* Fed. R. Civ. P. 8(a)(1).

Having reviewed the pleading, the Court finds it necessary to examine its own jurisdiction in this matter. *See* Fed. R. Civ. P. 12(h)(3); *Arbaugh v. Y & H Corp.*, 546 U.S. 500, 506-07 (2006); *Harris v. Tulsa 66ers*, 551 F. App'x 451, 451 & n.3 (10th Cir. 2014).

Through its Lien Foreclosure Claim, DFJ-W seeks authorization to conduct a lien sale of the Aircraft pursuant to title 25, sections 3901 through 3910 of the Delaware Code. This statutory scheme provides in relevant part:

> (a) If a lienholder under § 3901 or § 3902 of this title is not paid the amount due, and for which the lien is given within 30 days after the same or any part thereof became due, then the lienholder may proceed to sell the property, or so much thereof as may be necessary, to satisfy the lien and costs of sale pursuant to § 3905 of this title if:
>
>> (1) An authorization to conduct a lien sale has been issued pursuant to this section;
>>
>> (2) A judgment has been entered in favor of the lienholder on the claim which gives rise to the lien; or
>>
>> (3) The owners and any secured parties of record or known lienholders of the property have signed, after the lien has arisen, a release of any interest in the property in the form prescribed by § 3904 of this title.
>
> (b) A lienholder may apply to a Justice of the Peace Court in the county in which the lienholder's business establishment is situated for the issuance of any authorization to conduct a lien sale under § 3905 of this title. . . . . The application shall be executed under penalty of perjury and shall include all of the following: . . . .
>
> (c) Upon receipt of an application which is made pursuant to subsection (b) of this section, the justice of the peace shall send a notice and a copy of the application by certified mail or registered mail, return receipt requested, to the owners, secured parties of record and any known lienholders and any other persons whose names and addresses are listed in the application.

Del. Code tit. 25, § 3903.

As the party seeking the exercise of jurisdiction in its favor, DFJ-W "must allege in [its] pleading the facts essential to show jurisdiction." *Spring Creek Expl. & Prod. Co. v. Hess Bakken Inv., II, LLC*, 887 F.3d 1003, 1014 (10th Cir. 2018) (internal quotation marks omitted). The Court finds that DFJ-W's allegations are wanting in this regard. *See* DFJ-

W Am. Cross-Cl. & Third-Party Compl. ¶¶ 4-5, 14-18.  Although nominally stating that it is bringing a claim against diverse parties Kent Aviation and KLC, DFJ-W's Lien Foreclosure Claim is an attempt to foreclose against and sell the Aircraft under a Delaware statutory process.  The relief sought by DFJ-W appears to be procured through filing an application with a Delaware Justice of the Peace Court, rather than bringing a "civil action[]" "between . . . citizens of different States" as prescribed by the federal diversity-jurisdiction statute.  28 U.S.C. § 1332(a)(1); *cf. New Tech Auto Sales v. Steele Trucking*, Nos. CIV.A 05-11-0095, -0096, 2006 WL 758458, at *1 (Del. C.P. Kent Cnty. Mar. 23, 2006) ("[E]nforcement of such lien is exclusively within the jurisdiction of the Justice of the Peace Court.").

KLC asserts a counterclaim against DFJ-W seeking a judicial declaration of the validity and superiority of KLC's security interest in the Aircraft under the Security Agreement and associated relief (the "Declaratory Judgment Claim").  *See* KLC Countercls. (Doc. No. 66) at 21-23.  KLC's pleading likewise relies upon diversity jurisdiction as the basis for the Court to determine its counterclaim.  *See id.* at 2, 21, 29.  As outlined in a separate order, it is not clear that KLC's Declaratory Judgment Claim presents a justiciable controversy absent a proper basis to hear the Lien Foreclosure Claim.

Moreover, even if this Court may properly reach the merits of the Lien Foreclosure Claim and the Declaratory Judgment Claim, it is apparent to the Court that any decision on lien priority (i.e., the primary relief requested in those claims) will depend upon a determination of other claims at issue in this case.

CONCLUSION

In light of the foregoing and for the purpose of judicial efficiency, the Court ORDERS as follows:

1. Pursuant to Federal Rule of Civil Procedure 42(b), DFJ-W's Lien Foreclosure Claim and KLC's Declaratory Judgment Claim (the "Separate Claims") shall not be tried at the jury trial currently scheduled to commence on July 11, 2023. *See* Minute Order of June 6, 2023 (Doc. No. 335) at 1. On account of the unique and discrete issues presented therein, the Separate Claims shall be tried separately, after the July 2023 trial has concluded, at a later date to be set by the Court.

2. Within ten days of the date of this Order, DFJ-W shall file a brief of no more than ten pages addressing the Court's exercise of jurisdiction over the Lien Foreclosure Claim. Kent Aviation and KLC each may file a responsive brief, of no more than ten pages, within ten days of the filing of DFJ-W's brief. DFJ-W may file a reply brief of no more than five pages within seven days of the filing of any responsive brief.

IT IS SO ORDERED this 16th day of June, 2023.

*[signature: Charles B. Goodwin]*
CHARLES B. GOODWIN
United States District Judge